The Honorable Shawn Womack State Senator P.O. Box 332 Mountain Home, AR 72654
Dear Senator Womack:
You have presented the following questions for my opinion:
 (1) In the prolonged absence of a county judge, can a justice of the peace serving as the presiding officer appoint regular and special committees of a quorum court, subject to any procedural rules that may be adopted by ordinance?
 (2) Do these regular committees and special committees remain in effect for the term of the court, or can the county judge upon his or her return reappoint these committees?
 (3) If the presiding officer can appoint regular and special committees, can the justices adopt procedural guidelines to ensure equal representation for different areas of the county, such as differentiating between rural and urban areas?
 (4) Does the organizational ordinance establishing procedural rules for a new term take effect immediately? Can it be passed by a majority vote, or does it require an emergency designation, requiring approval by a two-thirds vote?
Response
Question 1 — In the prolonged absence of a county judge, can a justice ofthe peace serving as the presiding officer appoint regular and specialcommittees of a quorum court, subject to any procedural rules that may beadopted by ordinance?
It is my opinion that a quorum court member who is elected by the other quorum court members to serve as presiding officer on the quorum court during the absence of the county judge does have the authority to appoint regular and special committees of the quorum court, subject to procedural rules that may be adopted by ordinance. The procedural rules that are adopted by ordinance cannot infringe upon the authority of the presiding officer to determine who should be appointed to the committees.
The statute that governs this issue is A.C.A. § 14-14-904(d), which states:
 (d) PRESIDING OFFICER. The county judge shall preside over the quorum court without a vote but with the power of veto. In the absence of the county judge, a quorum of the justices by majority vote shall elect one (1) of their number to preside but without the power to veto. The presiding officer shall appoint all regular and special committees of a quorum court, subject to any procedural rules which may be adopted by ordinance.
A.C.A. § 14-14-904(d).
The above-quoted statute clearly and unequivocally authorizes the presiding officer who is acting in place of the county judge to appoint all regular and special committees of the quorum court, subject to procedural rules adopted by the quorum court. However, it is my opinion, as discussed more fully in response to Question 3, below, that the quorum court cannot adopt procedural rules that would require appointments from certain areas of the county, or that would otherwise infringe upon the presiding officer's authority to choose the individual committee members.
Question 2 — Do these regular committees and special committees remain ineffect for the term of the court, or can the county judge upon his or herreturn reappoint these committees?
It is my opinion that the issue of the term lengths of regular and special committee members is an issue that the quorum court has the authority to decide. This issue is not addressed by state law. Because the quorum court can exercise legislative power that is not denied by or contrary to state law, see Ark. Const., Am. 55, § 1; A.C.A. § 14-14-801, it is my opinion that the quorum court can designate the term lengths of the members of regular and special committees. The quorum court can specify that the terms of committee members appointed by the interim presiding officer will expire upon the return of the county judge. However, this is not required, and the quorum court can specify term lengths that would extend until after the county judge has returned.[1]
If the committee members who have been appointed by the interim presiding officer during the sitting county judge's absence have not completed the term lengths specified by the quorum court when the county judge returns, the county judge does not have the authority, in my opinion, to replace those members with his own appointees (unless the quorum court's procedural rules permit such a course of action).[2] This conclusion is based upon the reasoning that the sitting county judge's power of appointment has already been exercised by the interim presiding officer.
I must note another issue that is pertinent to your questions. It is my opinion that the quorum court, rather than the county judge or interim presiding officer, has the power to determine how many members will serve on regular and special committees. I base this conclusion on the fact that state law gives the presiding officer only the power to appoint
committee members; it does not give the presiding officer the power to determine how many members will serve on committees. In my opinion, therefore, this power falls to the quorum court, which, as noted previously, is granted the authority to exercise power that is not denied by or contrary to state law. Ark. Const., Am. 55, § 1; A.C.A. §14-14-801. Following this reasoning, the county judge could not, after returning from his absence, simply appoint additional members to the committees (unless the quorum court's procedural rules permit such a course of action). I note that two of my predecessors issued opinions that could be construed to support a contrary conclusion. See Ops. Att'y Gen. Nos. 2001-117; 95-084. I have cited those opinions in support of other propositions in my response to Question 3, below. However, I disagree with my predecessors on this one point.[3] The Arkansas Supreme Court has not addressed this issue. Legislative or judicial clarification would therefore be beneficial. Pending such clarification, I believe that my reasoning on this issue is consistent with the legal principles that are applicable to county governance.
Question 3 — If the presiding officer can appoint regular and specialcommittees, can the justices adopt procedural guidelines to ensure equalrepresentation for different areas of the county, such as differentiatingbetween rural and urban areas?
It is my opinion that the quorum court cannot adopt procedural guidelines such as you have described. As noted previously, it is my opinion that the "procedural rules" to which A.C.A. § 14-14-904(d) refers cannot include any rules that would infringe upon the statutory power of the county judge to make appointments to committees. My predecessors in office have reached the same conclusion. See Ops. Att'y Gen. Nos.2001-117; 99-036; 95-084.
My conclusion regarding this matter, and the conclusion reached by my predecessors, is based upon the fact that state law explicitly grants only the presiding officer (not the quorum court) the power to appoint committees. Any procedural rules that would dictate that certain appointments be made (or that would preclude certain appointments) for the purpose of assuring a given balance of representation (or for any other reason) would constitute a limitation on the power that is explicitly granted to the presiding officer by A.C.A. § 14-14-904(d). A limitation of this nature would therefore be contrary to the statute. Quorum courts can only exercise legislative authority that is not denied by or contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-801. For this reason, I conclude that a requirement that certain committee members be appointed from certain areas of the county would be contrary to state law and would thus exceed the quorum court's authority. Id.
Question 4 — Does the organizational ordinance establishing proceduralrules for a new term take effect immediately? Can it be passed by amajority vote, or does it require an emergency designation, requiringapproval by a two-thirds vote?
It is my opinion that normally an ordinance establishing procedural rules would not constitute an emergency ordinance, and therefore would require only a simple majority vote and would not take effect immediately. However, if the ordinance is designed to address a true emergency affecting life, health, safety, or property, the ordinance can be designated as an emergency ordinance, which would take effect immediately if passed by a two-thirds vote.
The effective date of non-emergency ordinances is governed by A.C.A. §14-14-905(e), which states:
 (e) EFFECTIVE DATE. No ordinance or amendment to existing ordinances other than an emergency ordinance or appropriation ordinance shall be effective until thirty (30) calendar days after publication has appeared. An ordinance or amendment to an existing ordinance may provide for a delayed effective date or may provide for the ordinance or amendment to an existing ordinance to become effective upon the fulfillment of an indicated contingency.
A.C.A. § 14-14-905(e).
A simple majority of the whole number of members elected to the quorum court is required to pass non-emergency ordinances. A.C.A. §14-14-905(c). Non-emergency ordinances must also meet certain reading and publication requirements. A.C.A. § 14-14-905(c) and (d).
The passage of emergency ordinances is governed by A.C.A. § 14-14-908, which states that emergency ordinances may be enacted "only to meet public emergencies affecting life, health, safety, or the property of people. A.C.A. § 14-14-908(a). Moreover, emergency ordinances must contain a declaration that an emergency exists, must define the emergency, must be designated "emergency ordinance," A.C.A. § 14-14-908(c), and must be published within seven days after approval. Emergency ordinance can only be passed by a two-thirds vote of the whole number of justices. A.C.A. §14-14-908(e). Emergency ordinances are effective immediately upon passage and approval by the county judge. A.C.A. § 14-14-908(f).
Normally an ordinance establishing procedural matters would not constitute an emergency. The passage of such ordinances would therefore usually be governed by the requirements of A.C.A. § 14-14-905. However, I acknowledge that the facts of a particular case may establish that such an ordinance is necessary to address an emergency of the type described in A.C.A. § 14-14-908(a). If that is the case, passage of the ordinance must meet the requirements of A.C.A. § 14-14-908.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is my opinion that the quorum court cannot create term lengths that would extend into the next elected county judge's term of office, because such a provision would be contrary to state law, in that it would deprive the next elected county judge of the authority granted by statute to appoint such members. This result is not the case with regard to the sitting county judge on whose behalf the interim presiding officer acts. That is, the interim presiding officer does not, by making appointments in the absence of the sitting county judge, deprive the judge of his power of appointment, because the interim is deemed to stand in the shoes of the sitting county judge.
[2] The quorum court's procedural rules may address the issue of the removal of committee appointees. The sitting county judge could therefore conceivably remove the interim's appointees and replace them with his own appointees if he does so in accordance with the quorum court's procedural rules.
[3] To be more explicit, I disagree with the implication conveyed in Ops. Att'y Gen. Nos. 2001-117 and 95-084 that the county judge, rather than the quorum court, has the authority to determine how many members can serve on committees. However, I agree with the conclusion stated in those opinions that the quorum court cannot make procedural rules that would require the county judge to make appointments to committees from certain areas of the county.